OUTSIDE LEGAL COUNSEL PLC www.olcplc.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

MATTHEW WILKINSON
and all those similarly situated,
    Plaintiff,

Case No.: 22-cv-10714
Honorable _____

v.

OLYMPIA DEVELOPMENT OF
MICHIGAN, LLC doing business as
OLYMPIA DEVELOPMENT AUTHORITY
and PASSPORT LABS, INC,
    Defendant
_____/

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff MATTHEW WILKINSON both individually and on behalf of class of similarly situated individuals, by counsel, and complains unto the Court as follows—

### PARTIES

1. Plaintiff MATTHEW WILKINSON is a resident of Michigan and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC is domestic limited liability company formed under the laws of the State of Michigan and is a debt collector as defined by 15 U.S.C. § 1692a(6) by being a creditor who, in the process of collecting its own debts[1], uses a name other than its own which would indicate that a third person is collecting or attempting to collect such debts.

3. Defendant PASSPORT LABS, INC is Delaware corporation with its principle place of business located in Charlotte, North Carolina that is formed under the laws of the State of Michigan and is a debt collector as defined by 15 U.S.C. § 1692a(6) by collecting or attempting to collect such debts.

### JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions, and pursuant to 15 U.S.C.

---

[1] A debt for purposes of the FDCTA "means any… *alleged* obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

1

§ 1692k(d), which authorities an action in any appropriate United States District Court without regard to the amount in controversy within one year from the date on which the violation occurs.

5. Venue is proper in this Court as Defendant conducts its business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. On March 26, 2022, Plaintiff MATTHEW WILKINSON visited downtown Detroit for an event.

7. He drove to a lot that he has previously parked in before on West Adams between Cass and Clifford—commonly known as the 215 W. Elizabeth Parking Lot.

8. An attendant waved him into the lot and collected $20.00 as a parking fee.

9. A second individual directed him to a parking spot.

10. Plaintiff MATTHEW WILKINSON parked and went to the event.

11. Upon return to his vehicle following the event, Plaintiff MATTHEW WILKINSON found what appeared to be a parking ticket placed near the windshield of his vehicle.

12. A copy of the ticket is attached as **Exhibit A**.

13. The parking ticket purports to be issued by the "Olympia Development Authority."

14. The ticket, blazed with the word "VIOLATION" across the top and bottom, demanded a "fine amount" of $50.00 with an increased amount due of $100.00 "after 14 days."

15. The ticket also asserted "viol code 04" with a violation description of "no permit."

16. The ticket was issued by an individual purporting to possess "badge #" 107.

17. The bottom of the ticket directed Plaintiff MATTHEW WILKINSON to—

Pay online:
www.parkingticketpayment.com/olympia

Pay by phone:
1-888-723-8535

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

18. The back side of the ticket, again blazed with the word "VIOLATION" across the top and bottom, as text header on the slip of paper starting "PARKING VIOLATION NOTICE" and announces "to [the] offender" that "payment received after 14 days-fine doubles."

19. The back side of the ticket lists an "appeal procedure" which directs that "all appeals must be made within 14 days of the ticket's issue date by smiting an online appeal at: www.parkingticketpayment.com/olympia."

20. A printout of www.parkingticketpayment.com/olympia is attached as **Exhibit B.**

21. On information and belief, the phone system at 1-888-723-8535 is operated by Defendant PASSPORT LABS, INC as the agent of Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC.

22. Despite the website at www.parkingticketpayment.com/olympia as being owned and operated by Parking Ticket Payment, LLC, such entity is not active or current.

23. Instead, on information and belief, the issuance of tickets, operation of the payment collection website, and other collection activities related thereto as under the auspices of Defendant PASSPORT LABS, INC.[2]

24. The blank tickets were created and distributed by Defendant PASSPORT LABS, INC.

25. After due investigation, Olympia Development Authority has not been revealed to be an arm of the government of the City of Detroit or any law enforcement agency.

26. There is no such entity formed, known, or existing as the "Olympia Development Authority."

27. Instead, the "parking ticket" was seemingly propounded by Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC and/or Defendant PASSPORT LABS, INC operating under the false name of "Olympia Development Authority" which does not have the legal authority to issue any parking ticket(s) as if it were a municipality, a government, or a law enforcement agency.

28. Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC and Defendant PASSPORT LABS, INC has and will continue to demand and collect monies in the form of fake parking tickets as an alleged debt when Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC lacks the authority to impose fines as purported debts owed by Plaintiff MATTHEW WILKINSON and members of the class.

---

[2] See https://www.bizjournals.com/charlotte/news/2019/06/06/charlotte-based-passport-acquires-second-company.html

3

**CLASS ALLEGATIONS**

29. This action is brought by the Plaintiff MATTHEW WILKINSON individually and on behalf of individuals during the relevant statutorily-limited time period who were subject to the issuance of one or more parking ticket(s) purporting to propounded by Olympia Development Authority as a false debt primarily owed for non-commercial purposes.

30. The number of injured individuals who have been injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained class-wide.

31. There are clear questions of law and fact raised by the named Plaintiff MATTHEW WILKINSON's claim common to, and typical of, those raised by the Class he seeks to represent.

32. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

33. Plaintiff MATTHEW WILKINSON, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

34. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class.

**COUNT I – FDCPA**
**FALSE, DECEPTIVE, OR MISLEADING REPRESENTATION(S)**
**15 U.S.C. § 1692e**
**(AGAINST BOTH DEFENDANTS)**

35. The prior allegations are alleged word for word herein.

36. The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. By way of using fake parking tickets, the website, the telephone system, and the use of the "Olympia Development Authority" name, Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC and/or Defendant PASSPORT LABS, INC has and/or is using false, deceptive, and/or misleading representation(s) or mean(s) in connection with the collection of a debt, that includes

   a. The false representation or implication that Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC is affiliated with the government by

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

       use of fake tickets that look and appear like a government-issued ticket or the close facsimile thereof.

b. Defendants falsely represent that a "fine" has been imposed and now a debt is owed when no such legal debt has formed.

c. Defendants threaten to (and does) double the "fine"—a governmental punishment—which is an action that cannot legally be taken by this limited liability company.

d. Defendants falsely represent the character, amount, and/or legal status of the alleged amount owed via parking ticket which is of no legal or governmental effect.

e. Defendants falsely represented or implied that the consumer committed a legal wrong (i.e. a municipal civil infraction) in order to disgrace the consumer.

f. Defendants used or distributed a false parking ticket as written communication which simulates or is falsely represented to be a document authorized, issued, or approved by a government or which creates a false impression as to its source, authorization, or approval of a governmental entity.

g. Defendants falsely represent or imply that the issued parking tickets are a form of legal process when it is not such.

h. Defendants used an organizational name, i.e. Olympia Development Authority, which is other than the true name of its business.

38. As a result, Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC and Defendant PASSPORT LABS, INC used false, deceptive, and misleading representation(s) and means(s) in connection with the collection of debts, in violation of 15 U.S.C. § 1692e.

39. As a result of these violations of 15 U.S.C. § 1692, et seq., Plaintiff MATTHEW WILKINSON and members of the class are entitled pursuant to 15 U.S.C. § 1692k to actual/statutory damages, and the costs of the action, together with attorney's fees.

**COUNT II – FDCPA**
**UNFAIR PRACTICE(S)**
**15 U.S.C. § 1692f**
**(AGAINST BOTH DEFENDANTS)**

40. The prior allegations are alleged word for word herein.

41. The FDCPA at 15 U.S.C. § 1692f provides, in pertinent part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

42. By way of using fake parking tickets, the website, the telephone system, and the use of the "Olympia Development Authority" name, Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC and/or Defendant PASSPORT LABS, INC has and/or is using unfair or unconscionable means to collect or attempt to collect debt(s), that includes

    a. Collecting or attempting to collect amounts of money (including additional "fines" incidental to the non-existing principal obligation) that is not expressly authorized by any agreement creating the debt or permitted by law.

    b. The false representation or implication that Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC is affiliated with the government by use of fake tickets that look and appear like a government-issued ticket or the close facsimile thereof.

    c. Defendants falsely represent that a "fine" has been imposed and now a debt is owed when no such legal debt has formed.

    d. Defendants threaten to (and does) double the "fine"—a governmental punishment—which is an action that cannot legally be taken by this limited liability company.

    e. Defendants falsely represent the character, amount, and/or legal status of the alleged amount owed via parking ticket which is of no legal or governmental effect.

    f. Defendants falsely represented or implied that the consumer committed a legal wrong (i.e. a municipal civil infraction) in order to disgrace the consumer.

    g. Defendants used or distributed a false parking ticket as written communication which simulates or is falsely represented to be a document authorized, issued, or approved by a government or which creates a false impression as to its source, authorization, or approval of a governmental entity.

    h. Defendants falsely represent or imply that the issued parking tickets are a form of legal process when it is not such.

    i. Defendants used an organizational name, i.e. Olympia Development Authority, which is other than the true name of its business.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

43. As a result, Defendant OLYMPIA DEVELOPMENT OF MICHIGAN, LLC and Defendant PASSPORT LABS, INC used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

44. As a result of these violation(s), Plaintiff MATTHEW WILKINSON and members of the class are entitled pursuant to 15 U.S.C. § 1692k to actual/statutory damages, and the costs of the action, together with attorney's fees.

### COUNT III – FDCPA
### UNFAIR PRACTICES
### 15 U.S.C. § 1692j
### (AGAINST DEFENDANT PASSPORT ONLY)

45. The prior allegations are alleged word for word herein.

46. The FDCPA at 15 U.S.C. § 1692j provides, in pertinent part, that "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."

47. By way of using fake parking ticket forms supplied, Defendant PASSPORT LABS, INC has violated 15 U.S.C. § 1692j.

48. As a violator of 15 U.S.C. § 1692j, Defendant PASSPORT LABS, INC is liable to the same extent and in the same manner as a debt collector is liable under section 1692k.

49. As a result of these violation(s), Plaintiff MATTHEW WILKINSON and members of the class are entitled pursuant to 15 U.S.C. § 1692k to actual/statutory damages, and the costs of the action, together with attorney's fees.

### RELIEF REQUESTED

50. WHEREFORE, Plaintiff MATTHEW WILKINSON, on his behalf and on behalf of all defined Class members, respectfully requests this Court to—

    a. Enter an order certifying this case as a class action;

    b. Enter an order for actual and/or statutory damages in an amount as the court may allow under the limits of the FDCPA, as well as such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

    c. Award the costs of the action, together with a reasonable attorney's fee as determined by the court pursuant to 15 U.S.C. § 1692k, Fed R Civ P 23(h), and all other applicable laws, rules, or statutes;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

    d.    Award Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

    e.    Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

51.    For all triable issues, a jury is hereby demanded.

Date: April 5, 2022                        RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

/s/ Matthew E. Gronda
MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
4855 State Street, Suite 6A
Saginaw, MI 48603
(989) 249-0350
matt@matthewgronda.com